STATE OF WEST VIRGINIA

**FILED**

**July 27, 2015**

**RORY L. PERRY II, CLERK**

**SUPREME COURT OF APPEALS**

**OF WEST VIRGINIA**

**SANDRA E. SANBOWER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1027** (BOR Appeal No. 2048221)
(Claim No. 2012001122)

**THE RALEIGH COUNTY COMMISSION ON AGING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sandra E. Sanbower, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Raleigh County Commission on Aging, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 13, 2013, in which the Board affirmed a March 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 4, 2012, decision to deny authorization for a knee scope. The Office of Judges affirmed the claims administrator's April 26, 2012, and May 16, 2012, decisions which denied Ms. Sanbower's request to add internal derangement of the anterior horn of the lateral meniscus, derangement of the anterior horn of the medial meniscus, and strains or sprains of other specified sites of the knee and leg as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Sanbower, an employee of The Raleigh County Commission on Aging Inc., injured herself on July 4, 2011, when she fell in a hole in the ground on the premises. Ms. Sanbower was evaluated at Raleigh General Hospital. Ms. Sanbower was diagnosed with a left wrist sprain, an ankle sprain, and bilateral knee contusions. The x-rays performed at Raleigh General showed no evidence of fracture or dislocation in the wrist or ankle. The medical records did not indicate any knee swelling. However, an MRI performed on August 29, 2011, demonstrated a complex tear involving the anterior horn lateral meniscus along with mild osteoarthritic changes and joint effusion. Ms. Sanbower reported to Joseph Golden, M.D., on September 2, 2011. Dr. Golden indicated the Ms. Sanbower was requesting stronger medication for right knee pain. Dr. Golden injected her right knee. He diagnosed Ms. Sanbower with localized, primary osteoarthritis of the knee. Ms. Sanbower had tenderness medially and laterally in her knees. On October 13, 2011, Brett Withfield, M.D., evaluated Ms. Sanbower. His history indicated Ms. Sanbower twisted her knee when she fell on July 4, 2011. Ms. Sanbower's history further indicated she had no pain in her right knee prior to her fall. He diagnosed Ms. Sanbower with right knee internal derangement with tearing of the medial and lateral meniscus and chondromalacia changes of the patella, medial compartment. He found that Ms. Sanbower needed an arthroscopic repair of her knees but he indicated this would not help her arthritis. Dr. Whitfield, on October 20, 2011, indicated that Ms. Sanbower's pain had worsened. He stated the injection did not help. He urged surgical repair of the knee so Ms. Sanbower could get off narcotics. He again noted that Ms. Sanbower did not have any right knee pain prior to the injury.

On November 22, 2011, Dr. Golden supplied a summary of his treatment with Ms. Sanbower. He noted at the Raleigh General Hospital Ms. Sanbower did not have x-rays of her knees. He indicated on August 8, 2011, that Ms. Sanbower was in treatment for her right knee through November 22, 2011. On August 8, 2011, he instructed Ms. Sanbower to use a knee brace and she was given a steroid injection on September 2, 2011. On November 22, 2011, he indicated that the medication Ms. Sanbower was taking made her pain tolerable. On April 6, 2012, Dr. Golden and Crystal Cooper, PA-C, examined Ms. Sanbower and determined she suffered derangement of the anterior horn of the lateral meniscus, derangement of the anterior horn of the medial meniscus, and an unspecified sprain of the leg and knee. They also determined that the derangement of the lateral and medial meniscus was caused by the July 4, 2011, compensable injury.

However, a records reviews performed by Rebecca Thaxton, M.D., and Prasararao Mukkamala, M.D., indicate the opposite. Both Drs. Thaxton and Mukkamala agree that the derangement of the lateral and medial meniscus happened on or about August 8, 2011, when Ms. Sanbower suffered a twisting injury in which she heard a popping sensation in her right knee. Because the August 8, 2011, injury was not suffered at work, both Dr. Mukkamala and Dr. Thaxton agreed that it should not be covered under the current claim.

The Raleigh County Commission on Aging introduced a pre-injury x-ray taken on April 15, 2005, which showed Ms. Sanbower had mild degenerative changes in her right knee but no acute findings in the right tibia/fibula. A Mid Maryland Musculoskeletal Institute record from June 6, 2006, indicated Ms. Sanbower had post-traumatic arthritis in her left knee. The record reflects Ms. Sanbower was injected with Voltaren in her right knee that was helpful. The office

2

notes from Parkview Medical Group, on April 23, 2010, reflected Ms. Sanbower suffered a right knee twisting injury. Ms. Sanbower indicated she has had pain going up and down stairs and had mild swelling. She was diagnosed with right knee pain and referred to Dr. Giledorph. The Raleigh County Commission on Aging also introduced records from August 8, 2011, when Ms. Sanbower reported to Terri Schuetz, FNP. Ms. Schuetz evaluated Ms. Sanbower for right knee pain. Ms. Sanbower indicated her right knee popped on Saturday and she has developed severe pain which hindered her ability to walk. Ms. Sanbower was wearing a knee brace and was on crutches. The history reflected Ms. Sanbower recounted her fall at work on July 4, 2011, and wondered if she had did something at that time to her right knee. Ms. Sanbower had localized osteoarthritis of the right knee. Ms. Schuetz, on August 11, 2011, indicated Ms. Sanbower's knee was locking and causing her to fall.

The Office of Judges determined that derangement of the anterior horn of the lateral meniscus, derangement of the anterior horn of the medial meniscus, and an unspecified sprain of the leg and knee are not compensable conditions under the claim. The Office of Judges determined that the testimony of Ms. Sanbower was not persuasive. She testified that she did not have any previous right knee problems but records reveal that on April 23, 2010, Ms. Sanbower suffered a twisting of the right knee for which she was treated at Parkview Medical Group. The records also reflect Ms. Sanbower had an injection in her right knee and complained of right knee pain as early as April 15, 2005, at which time she was diagnosed with degenerative changes in her right knee. Ms. Sanbower also stated that she had bilateral knee swelling when she injured her knee on July 4, 2011. However, the medical records from her visit to the hospital noted no bilateral knee swelling. The Office of Judges then examined the consistent reports of Dr. Thaxton and Dr. Mukkamala who determined it was not possible for the meniscal tear to be related to the July 4, 2011, injury. She suffered the injury on July 4, 2011, but did not feel a popping until several weeks later in August. In August she admitted to Dr. Golden that she twisted her knee the Saturday before and heard a pop. According to Dr. Thaxton and Dr. Mukkamala this fact demonstrated that Ms. Sanbower did not tear her meniscus during her July 4, 2011, compensable injury. Because Dr. Mukkamala's and Dr. Thaxton's opinions were more consistent with the other evidence of record, the Office of Judges adopted their conclusion. Because the Office of Judges determined that the derangement of Ms. Sanbower's anterior horn of the lateral meniscus, derangement of the anterior horn of the medial meniscus, and a sprain of other specified sites of her knee and leg, were not a result of her compensable injury they also determined the knee scope should also be denied. The Board of Review adopted all material findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. As shown by the Office of Judges in their analysis, the timeline of the injury leads to the conclusion that Ms. Sanbower did suffer a tear of the meniscus but she did not suffer it at work. After her compensable July 4, 2011, injury Ms. Sanbower was seen by a physician and diagnosed with bilateral bruise of the knee. However, sometime around August 8, 2011, Ms. Sanbower suffered another knee twisting injury in which she heard a pop. Thereafter, her knee would lock up and cause her a great deal of pain. An MRI showed a tear in the meniscus. Both Dr. Mukkamala and Dr. Thaxton agreed that the timeline of events lead to the conclusion that she did not suffer a tear of her meniscus on July 4, 2011. Because the meniscal tear was not

related to her July 4, 2011, injury, it was also not in error for the Office of Judges and Board of Review to deny medical treatment related to it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 27, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Brent D. Benjamin